IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **SHAWN GIEGERICH** | ) | |
| **11130 Ellicott Highway** | ) | |
| **Calhan, CO 80868** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 13-cv-2392 JAR/KMH |
| | ) | |
| **NATIONAL BEEF PACKING** | ) | |
| **COMPANY, LLC** | ) | Division: |
| | ) | |
| **Serve Registered Agent:** | ) | |
| | ) | |
| **The Corporation Company, Inc.** | ) | |
| **112 SW 7th Street** | ) | |
| **Suite 3C** | ) | |
| **Topeka, KS 66603** | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

**COMES NOW** Plaintiff, by and through his attorneys, and for his cause of action against Defendant states as follows:

1. That Plaintiff at all times relevant hereto is a resident of Calhan, El Paso County, Colorado currently residing at the address listed above.

2. That Defendant National Beef Packing Company, LLC is and was at all times relevant hereto a Delaware corporation registered to do business in Kansas with its principal place of business in Missouri and is in good standing. Service may be had upon Defendant by serving the registered agent listed above.

3. This court has personal jurisdiction over the Defendant National Beef Packing

Company, LLC as the Defendant committed tortious activities within the State of Kansas and this judicial district.

4. This court has subject jurisdiction over this controversy pursuant to 28 USC §1332 as the Plaintiff and the Defendant are diverse in citizenship and the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00).

5. This Judicial District is a proper venue pursuant to 28 USC §1391 as the Defendant's tortious activities took place within this judicial district.

6. That National Beef located at 1501 E. 8th Street, Liberal, Kansas 67901 is and was at all times relevant hereto owned by Defendant National Beef Packing Company, LLC.

7. That on or around January 8, 2012, Mr. Giegerich was employed as an over-the-road truck driver by Navajo Express.

8. That on or about January 8, 2012, Mr. Giegerich was picking up a trailer at National Beef.

9. That the trailers were packed close together in the trailer staging area.

10. That the landing gear on the subject trailer was parked on a muddy uneven surface.

11. That there were no signs warning of the dangerous condition.

12. That at all times material hereto, the actions (or lack thereof) of the employee(s), servant(s), agent(s) of National Beef were in the normal course and scope of their employment with said defendant; therefore, creating vicarious liability on the part of Defendant National Beef Packing Company, LLC.

13. That on or about January 8, 2012, Mr. Giegerich was struck in the head when he

attempted to crank the trailer.

14. That the force of the impact knocked him backwards onto the ground.

## COUNT I

## (NEGLIGENCE)

15. That Plaintiff incorporates by reference each and every allegation of paragraphs 1 through 14 as though fully pled herein.

16. That on or about Janaury 8, 2012, the trailers were tightly parked in the trailer staging area. In addition, the landing gear was parked on a muddy uneven surface.

17. That the presence of landing gear on a muddy uneven surface in an area where trailers are close together and, in which truck drivers frequented, constituted a defective and dangerous condition and; therefore, was not reasonably safe for truck drivers, including Mr. Giegerich.

18. That prior to January 8, 2012, Defendant National Beef Packing Company, LLC had actual or constructive notice of the dangerous condition.

19. That prior to January 8, 2012, Defendant National Beef Packing Company, LLC owned, controlled, managed, and/or maintained the trailer staging area where Mr. Giegerich was injured.

20. That at all times pertinent Defendant National Beef Packing Company, LLC had the right and/or a non-delegable duty to maintain, modify, repair, correct and/or conduct inspections of the location where Mr. Giegerich was injured.

21. That Defendant National Beef Packing Company, LLC failed to use ordinary care

to maintain, modify, repair, correct, inspect and/or warn the general public, including Mr. Giegerich, of the defective and dangerous condition described above.

22. That Defendant National Beef Packing Company, LLC was negligent and careless in the following respects, to wit:

(a) in failing to warn the general public, including Mr. Giegerich, of the dangerous condition of the trailer staging area;

(b) in failing to properly maintain and/or keep the trailer staging area in a reasonably safe condition;

(c) in failing to adequately inspect the premises for dangerous conditions;

(d) in failing to maintain proper protocols and procedures regarding trailer staging area maintenance, inspection, safety and/or care.

23. That as a direct and proximate result of the aforementioned careless and negligent acts and omissions on the part of Defendant National Beef Packing Company, LLC, Mr. Giegerich was caused serious, permanent and progressive injuries to his person, including:

(a) his head; and

(b) his neck.

24. That as a direct and proximate result of the aforementioned careless and negligent acts and omissions on the part of Defendant National Beef Packing Company, LLC, Mr. Giegerich has incurred substantial expenses relating to his medical care and treatment.  In addition, Mr. Giegerich has experienced a diminished enjoyment of life, lost income, experienced pain and suffering and will in the future continue to incur medical and other health care expenses, lost income, experience great physical pain and diminished enjoyment of life, all

of which Mr. Giegerich would not have otherwise incurred, lost, or experienced but for the injuries he suffered as a result of Defendant National Beef Packing Company, LLC's negligence.

**WHEREFORE**, Plaintiff prays for judgment against Defendant National Beef Packing Company, LLC in such sum in excess of Seventy-Five Thousand Dollars ($75,000.00) as is fair and reasonable, for costs herein incurred and expended, and for such other and further relief as the Court deems just and proper.

## DESIGNATION OF PLACE OF TRIAL

The place of trial is Kansas City, Kansas.

## DEMAND FOR JURY TRIAL

**COMES NOW** Plaintiff, by and through undersigned counsel, and request a trial by jury on all issues raised herein.

Respectfully submitted,

**THE HORN LAW FIRM, P.C.**

/s/ *Laurie L. Del Percio*
LAURIE DEL PERCIO        (KS #19557)
DOUGLAS R. HORN          (MO #37103)
19049 East Valley View Parkway; Suite J
Independence, Missouri 64055
PH    (816) 795-7500
FAX   (816) 795-7881
EMAIL: ldelpercio@hornlaw.com
**ATTORNEYS FOR PLAINTIFF**