# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SHAWN GIEGERICH, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 13-2392-JAR ) |
| NATIONAL BEEF PACKING COMPANY, LLC, | ) ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the court on two motions: (1) plaintiff's motion to compel responses to his document requests (**Doc. 33**), and (2) defendant's motion to compel responses to discovery and for an order permitting ex parte communications with plaintiff's healthcare providers (**Doc. 35**). For the reasons set forth below, plaintiff's motion shall be GRANTED IN PART and DENIED IN PART and defendant's motion shall be GRANTED.

### Background[1]

In January 2012, while he was employed as an over-the-road truck driver, plaintiff was injured when he picked up a trailer at defendant's Liberal, Kansas facility. Plaintiff claims the muddy and uneven surface on which the trailer was located, combined with the tightly parked location of the trailers, caused the trailer to jerk and strike him in the head.

---
[1] These facts are taken from the Amended Complaint (Doc. 27).

As a result of the head injury, plaintiff claims serious permanent and progressive injuries to his head and neck. Based on these injuries, plaintiff seeks recovery for pain and suffering, past and future medical expenses, lost income, and diminished enjoyment of life.

**Plaintiff's Motion to Compel Discovery Responses (Doc. 33)**

Plaintiff's motion seeks to compel defendant's responses to plaintiff's First Request for Production of Documents. Counsel both agree that the requirements of D. Kan. Rule 37.2 have been met and that Request Nos. 9 and 20 remain at issue.

Request No. 9 seeks all time records for the date of plaintiff's injury, to reflect which employees might have been present. Defendant objects, arguing that the request is unduly burdensome and seeks confidential information about its employees. Defendant also objects on the basis of relevance.

Defendant explains that the "loaded ready line" ("line"), the area of defendant's facility where plaintiff's injury occurred, is the only location plaintiff could have accessed. The line is situated so that employees working in other areas of the facility can neither access the line nor see it from other locations. Defendant argues that the time records for all employees working in other areas are not reasonably calculated to lead to the discovery of admissible evidence. Additionally, defendant asserts that it does not keep time records for all employees, but rather keeps only time records for its hourly employees. Without waiving its objection, defendant identified four individuals who were working on the line on the date of plaintiff's injury, and provided the names and contact information for each

individual.  Defendant also provided a time sheet which reflected its hourly employees and/or agents working on the line on the date in question.

Plaintiff argues that discoverable information should be interpreted broadly and that the request is narrowly tailored to one date and one location.  He asserts that the information is reasonably calculated to lead to admissible evidence and also is essential because the condition of the trailer staging area is directly at issue.

Plaintiff's argument is contained in a single paragraph, and barely meets his burden to show facial relevance.[2]  The burden then shifts to defendant to specifically demonstrate how the request is not reasonably calculated to lead to the discovery of admissible evidence.[3]  To meet that burden, defendant provided affidavits explaining the segregated nature of the line.  Defendant also produced the time records of those employees working on the line, as well as the names and last known addresses of the four agents who were assigned to the line at the time of plaintiff's injury.  Plaintiff did not respond to that information in a reply or acknowledge in his motion that the information had been produced.  Defendant has met its burden to dispute relevance and plaintiff's motion regarding Request No. 9 is therefore DENIED.

Request No. 20 seeks copies of all incident reports involving injuries in defendant's trailer staging area for the three years preceding plaintiff's injury.  Defendant objected but

---

[2] *See Johnson v. Kraft Foods N. Am., Inc.*, 238 F.R.D. 648, 653 (D. Kan. 2006).
[3] *See Jackson v. Coach, Inc.*, 2008 WL 782635, at *4 (D. Kan. Mar. 20, 2008).

produced the only incident report in its possession.

Plaintiff's sole complaint is that the names of the reporting employee and the injured party were redacted from the incident report. Defendant later provided a copy which reveals the reporting employee's name so that the only remaining redaction is the name of the injured party. Defendant argues that this person should not be identified because the report discusses the third-party's medical condition and that person has not consented to disclosure. Defendant also asserts that the incident report contains sufficient facts for the court to determine that the incident was not "substantially similar" to plaintiff's accident, so that the incident report is not relevant because it is not admissible.

Defendant misstates the standard for discovery. Discoverable information need not be admissible but only likely to lead to admissible evidence.[4] Although defendant asserts that there is nothing in the incident report to suggest whether or not the condition of the line contributed to that accident, there are not enough facts supplied to make a conclusion. In addition, any privacy concerns can be addressed by making such disclosure subject to a protective order, to which plaintiff has agreed.[5] Plaintiff's motion is GRANTED as to Request No. 20.

**IT IS THEREFORE ORDERED** that plaintiff's motion **(Doc. 33)** is **DENIED** as to Request No. 9 and **GRANTED** as to Request No. 20. Defendant shall produce an

---

[4] Fed. R. Civ. P. 26(b).
[5] Pl.'s Mot., Doc.33, Ex. C.

unredacted copy of the incident report no later than **January 17, 2014**.

**Defendant's Motion to Compel Discovery Responses and
For an Order Allowing Ex Parte Communications (Doc. 35)**

Defendant seeks to compel plaintiff's responses to defendant's First Interrogatories and First Request for Production of Documents. Defendant has properly outlined and certified the parties' conference regarding this discovery dispute as required by D. Kan. Rule 37.2. Plaintiff does not dispute this certification and agrees that disputes regarding Interrogatory No. 13 and Request No. 17 remain outstanding.

**I.      Scope of requested information – Interrogatory No. 13**

Interrogatory No. 13 asks plaintiff to identify all medical providers with whom he has consulted or from whom he has received treatment. The parties have now agreed to a temporal limit on medical information for the past ten years. But they disagree on whether plaintiff's responses to both requests should be limited to the head and neck injuries claimed by plaintiff in his amended complaint.

Plaintiff cites *Pratt v. Petelin* for the proposition that the court can deny unfettered access to a plaintiff's health information.[6] However, the holding in *Pratt* is distinguishable. The plaintiff in *Pratt* attempted to limit disclosure of her protected health information to medical records specifically related to her thyroid and thyroid cancer treatment. The court found this limitation "too narrow, given the extent and nature of her

---
[6] *Pratt v. Petelin*, 2010 WL 446474 (D. Kan. Feb. 4, 2010).

claims and injuries," also finding that plaintiff's claims of emotional distress, inability to work, and loss of enjoyment of life made relevant the medical history "beyond simply her [thyroid issues]."[7] Although the court limited disclosure by social workers, educators and government agencies for specified reasons, the court did not narrow the request as plaintiff suggests. Rather, *Pratt* reinforces the defendant's position that the broader nature of plaintiff's claims makes relevant his unlimited medical history.

Based on the pleadings and Rule 26 disclosures, defendant asserts that plaintiff will claim total disability based on his injury.[8] Plaintiff's only attempt to dispute this assertion is the statement that he is only claiming damages to his head and neck. Plaintiff has presented his claims broadly including his head and neck injuries and also continued pain, loss of enjoyment of life, and inability to work. Therefore, the unrestricted identification of his medical providers, without limitation to plaintiff's head and neck injury, is relevant to the claims and defenses of this matter and likely to lead to the discovery of admissible evidence.[9] Plaintiff's conclusory statement does not satisfy his burden to prove lack of relevance.[10]

To the extent that plaintiff seeks to invoke the physician-patient privilege to limit

---

[7] *Id.*, at *4.
[8] *See, e.g.*, Doc. 36, Ex. B, at 5, noting that plaintiff "is not working."
[9] *See* Fed.R.Civ.P. 26(b).
[10] *Jackson v. Coach, Inc.*, 2008 WL 782635, at *4 (D. Kan. Mar. 20, 2008) (stating, "The party opposing discovery is required to come forth with more than a mere conclusory statement that the discovery is irrelevant and must specifically demonstrate how the request is not reasonably calculated to lead to the discovery of admissible evidence.").

identification to those providers treating only his head and neck, that objection is overruled. First, plaintiff waived the objection by not asserting it in his initial response to defendant's requests.[11] Even had the objection been properly asserted, this court "has repeatedly rejected the concept of a limited waiver of the privilege under K.S.A. § 60-427(d)" and accordingly any waiver cannot be limited to plaintiff's head and neck conditions.[12] It is clear that no physician-patient privilege exists "in an action in which the condition of the patient is an element or factor of the claim or defense of the patient."[13] Plaintiff has placed his physical and mental condition at issue; therefore, the physician-patient privilege does not apply. Accordingly, defendant's motion to compel plaintiff's response to Interrogatory No. 13 is GRANTED.

## II. Records release and ex parte communication – Request No. 17

Request No. 17 asks plaintiff to execute a release which would allow defendant to access plaintiff's medical records. Similar to his response to Interrogatory No. 13, plaintiff also objects to Request No. 17 as overbroad. Plaintiff executed a limited authorization but restricted defendant's access to the last ten years and to those records which are specific to

---

[11] *Cardenas v. Dorel Juvenile Grp., Inc.,* 230 F.R.D. 611, 621 (D. Kan. 2005) ("It is also well settled that when a party fails to assert an objection in its initial response to the discovery request and raises it for the first time in response to a motion to compel, the objection is deemed waived.").

[12] *Bradley v. Val-Mejias*, 2001 WL 1249339, at *9 (D. Kan. Oct. 9, 2001) (citing *Lake v. Steeves,* 161 F.R.D. 441 (D.Kan.1994); *Evertson v. Dalkon Shield Claimants Trust,* 1993 WL 245972 (D.Kan.1993); *Bryant v. Hilst,* 136 F.R.D. 487 (D.Kan.1991)).

[13] K.S.A. § 60-427(d) (discussed by *Pratt*, 2010 WL 446474, at *3; *Bradley*, 2001 WL 1249339, at *9.

plaintiff's head and neck. As discussed above, time limitations have been agreed upon, and plaintiff's assertion that disclosure should be limited to his head and neck is rejected. Plaintiff's assertion of a physician-patient privilege is likewise overruled.

Plaintiff further objects that the authorization would "improperly allow ex parte communications" with plaintiff's treating physicians. He argues that ex parte communications violate the Health Insurance Portability and Accountability Act ("HIPAA")[14] and that defendant should use a statutorily recognized method of discovery. Plaintiff's general argument that ex parte communications would conflict with public policy is directly contrary to this district's extensive precedent allowing such communications.

Verbal disclosure of protected health information is certainly subject to HIPAA requirements. However, as long as the verbal disclosure complies with appropriate procedure, this district has a firmly-established practice of allowing informal ex parte interviews of a party's treating physicians who are merely fact witnesses.[15] Ex parte communications with fact witnesses have long been characterized as informal discovery and considered to be more convenient and less expensive for both witnesses and counsel.[16]

Defendant requests that plaintiff be ordered to sign its proposed authorization and release of medical records with no specified limitations. Plaintiff previously provided

---

[14] *See* 45 C.F.R. § 164.512(e)(1)(i).

[15] This Court recently issued a similar ruling in *Utter v. Thompson*, 2013 WL 2476697, at *1 n.2 (D. Kan. June 7, 2013) (citing *Madrid v. Williams*, 2012 WL 2339829 (D. Kan. June 19, 2012) (including a lengthy list of citations to analogous rulings by other judges in this district)). *See also Pratt v. Petelin*, 2010 WL 446474, at *8.

[16] *See Lake v. Steeves*, 161 F.R.D. 441, 442 (D. Kan. 1994).

defendant his own limited authorization. However, neither party's proposed authorization appears appropriate in light of the following considerations.

Defendant does not elaborate on whether it seeks alcohol or drug evaluation or treatment records aside from including those concerns in a list of items restricted in the *Pratt* case,[17] and neither does plaintiff address these concerns in his response. The disclosure of alcohol or drug evaluations and treatment is regulated by both K.S.A. § 65-5602[18] and 42 U.S.C. § 290dd-2(b)(2)(C).[19] Based on the parties' failure to address these statutes, the court declines to enter an order authorizing the disclosure of protected information regarding the diagnosis and treatment of alcoholism or drug dependency.

However, defendant's request for information about plaintiff's mental and emotional health is also addressed by K.S.A. § 65-5602. Plaintiff's mental health is relevant to the claims regarding loss of enjoyment of life and physicians have voiced concern regarding potential psychological factors affecting his presentation of pain.[20] Therefore, the court finds that plaintiff has made his mental and emotional condition an issue in this case and the exception to the privilege stated in K.S.A. § 65-5603(a)(3) applies. The court will allow disclosure of information regarding diagnosis and treatment of any mental or emotional

---

[17] Pl.'s Mem. Opp'n, Doc. 38 at 3.
[18] K.S.A. § 65-5602 ("Privilege of patient of treatment facility to prevent disclosure of treatment and of confidential communications" made for the "purposes of diagnosis or treatment of the patient's mental, alcoholic, drug dependency or emotional condition.").
[19] 42 U.S.C. § 290dd-2 (authorizing under certain circumstances the disclosure of records involving substance abuse treatment programs conducted, regulated, or assisted by any department or agency of the United States).
[20] *See, e.g.*, Doc. 36, Ex. B at p. 3 (statement of psychiatrist Dr. Jeffrey Wunder).

condition.

Neither party addresses the disclosure of confidential HIV or AIDS-related information or testing.[21] This topic was included in plaintiff's executed authorization but was not marked for disclosure.[22] Because the parties fail to provide reasons why such information should be disclosed, the court is unable to determine whether the exceptions found in K.S.A. § 65-6002(d) might apply. The court denies any request for records or ex parte communications regarding the disclosure of HIV-related information or AIDS testing.

Based on these considerations, plaintiff is ordered to execute and forward to defendant a proper authorization for release of medical information. Additionally, defendant should submit a proposed order, which shall include the following provisions:

- Communications with treating providers will be limited to the relevant time period, determined to be the past ten years;

- Specific providers' names;[23]

- Treating physicians shall be specifically informed of their right to decline a request for ex parte communications;[24]

- An acknowledgment that the order does not allow disclosure of the diagnosis of drug or alcohol dependency or treatment under 42 U.S.C. § 290dd-2 and 42 C.F.R., Part 2 or K.S.A. § 65-5602, but does allow disclosure of the diagnosis and treatment of mental or emotional disorder under K.S.A. § 65-5603(a)(3);

---

[21] K.S.A. § 65-6001 *et seq.* (discussing acquired immune deficiency syndrome, or "AIDS," the confidentiality of information concerning AIDS or HIV infection, and exceptions allowing disclosure).
[22] Doc. 35, Ex. D at 11.
[23] *Utter*, 2013 WL 2476697, at *2 n.3 (citations omitted).
[24] *Id.*, at *2 n.4 (citations omitted).

- An acknowledgement that the order does not allow disclosure of HIV-AIDS related information under K.S.A. § 65-6002(d); and

- A restriction that prohibits the parties from misuse or unauthorized disclosure of the protected health care information.[25]

After the order is filed, defendant will be allowed to communicate with the identified medical providers. Defendant is <u>not</u> required to provide plaintiff with advance notification of ex parte communications with his healthcare providers.[26] The motion and order serve as sufficient advance notification.

**IT IS THEREFORE ORDERED** that defendant's motion **(Doc. 35)** is **GRANTED** consistent with the rulings herein. Plaintiff shall respond to defendant's Interrogatory No. 13 on or before **January 17, 2014** by identifying his medical providers for the past 10 years. With regard to Request No. 17, plaintiff shall execute a proper authorization for release of medical information to defendant, and defendant shall provide a proposed order allowing ex parte communication for the court's review no later than **January 27, 2014**. The order shall incorporate the provisions noted herein.

---

[25] *See* 45 C.F.R. § 164.512(e)(1)(v); *see also Pratt*, 2010 WL 446474, at *7.
[26] *See Brigham v. Colyer*, 2010 WL 2131967, at *4 (D. Kan. May 27, 2010); *Sample v. Zancanelli Management Corp.,* 2008 WL 508726, at *2 (D. Kan. Feb. 21, 2008).

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 9th day of January 2014.

S/ Karen M. Humphreys  
KAREN M. HUMPHREYS  
United States Magistrate Judge