# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SHAWN GIEGERICH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 13-2392-JAR |
| ) | |
| NATIONAL BEEF PACKING ) | |
| COMPANY, LLC, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the court on plaintiff's motion for a protective order and/or to quash defendant's proposed subpoenas (**Doc. 60**). For the reasons set forth below, plaintiff's motion shall be DENIED.

### Background

During his employment as an over-the-road truck driver, plaintiff was injured while picking up a trailer at defendant's Liberal, Kansas facility. Plaintiff claims the muddy and uneven surface on which the trailer was located, combined with the tightly parked arrangement of the trailers, caused the trailer to jerk and strike him in the head. As a result of the head injury, plaintiff claims permanent and progressive injuries to his head and neck. Plaintiff seeks recovery for pain and suffering, past and future medical expenses, lost income, and diminished enjoyment of life.

On January 9, 2014 the court issued a Memorandum and Order resolving the parties' separate motions to compel discovery responses.[1] In that order, the court found that the identification of plaintiff's medical providers, without limitation to plaintiff's head and neck injury, is relevant to the claims and defenses in this matter.[2] The order also approved the parties' agreement to a temporal limit of ten years on the identification of plaintiff's medical providers and disclosure of plaintiff's medical records.[3]

Defendant has now notified plaintiff of its intent to issue subpoenas to five non-party insurance companies. The subpoenas request the companies to produce information on seven of plaintiff's previous insurance claims.[4] These subpoenas are the subject of the parties' current dispute.

**Plaintiff's Motion for a Protective Order and/or to**
**Quash Proposed Subpoenas (Doc. 60)**

Plaintiff seeks protection, in the form of either an order to quash or a protective order, from the subpoenas of his previous insurance claims. He claims that the subpoenas are facially overbroad, unduly burdensome, and irrelevant to the claims and defenses in this case. Plaintiff also argues that the subpoenas circumvent the parties' prior agreement as to the temporal limits and scope of permissible discovery. He contends that defendant's attempt to use evidence of plaintiff's prior insurance claims or litigation is

---

[1] Mem. and Order, Doc. 46.
[2] *Id*. at 6
[3] *Id*. at 5, 8.
[4] *See* Notice of Subpoenas, Doc. 57, and Am. Notice of Subpoenas, Doc. 58.

2

irrelevant and constitutes improper character evidence.[5]

Defendant maintains that plaintiff has not met his burden to establish good cause for a protective order under Fed. R. Civ. P. 26(c)(1) because overbreadth and relevancy are not reasons for issuing a protective order, and plaintiff has not met his burden to show that the subpoenas are unduly burdensome. Defendant also asserts that the subpoenas are not facially overbroad and that the claims meet the low threshold of relevancy for purposes of discovery; therefore, the subpoenas should not be quashed.

Plaintiff certifies that counsel for the parties conducted a conference in accordance with D. Kan. Rule 37.2. Defendant does not dispute that statement and therefore the court finds that the parties have properly conferred regarding this discovery dispute. For ease of discussion, the court addresses plaintiff's objections in the categories outlined in the parties' briefing.

**Overbreadth and Relevance**

Plaintiff first argues that the proposed subpoenas are facially overbroad and seek information that is not facially relevant. Defendant responds that Fed. R. Civ. P. 26(c) does not include overbreadth or relevance as a basis for issuing a protective order, but acknowledges that overbreadth or irrelevance could provide a basis for quashing the subpoena. While there is variation in this district as to whether overbreadth or relevance

---

[5] In his motion, plaintiff argues that although the subpoenas are issued to a non-party, plaintiff has standing to oppose the non-party subpoenas. *See* Pl.'s Mot., Doc. 60 at n.2. Defendant does not dispute standing and therefore the court does not address the issue.

are proper bases for protection from a subpoena,[6] the motion need not be decided on this issue. Rather, as explained in greater detail below, the court finds that the subpoenas are not overly broad and seek information that is relevant at this stage of discovery.

To the extent plaintiff contends that the use of the omnibus phrase "relating to" renders the subpoenas facially overly broad, the court disagrees. While it may be generally true that phrases such as "regarding" or "pertaining to" may require a responding party to "engage in mental gymnastics to determine what information may or may not be remotely responsive,"[7] defendant has narrowed its request to a specific policy and claim number arising on a specific date *in each disputed subpoena*. Because each request "modifies a sufficiently specific type of information, document, or event, rather than large or general categories of information or documents,"[8] the court finds that the subpoenas are not facially overly broad. The burden then shifts to plaintiff to demonstrate overbreadth, and plaintiff has failed to meet that burden.[9]

Plaintiff argues that the information requested in the subpoena is not relevant on

---

[6] *Compare, e.g., Martinelli v. Petland, Inc.*, 2010 WL 3947526, at *3 (D. Kan. Oct. 7, 2010)(internal citations omitted) (noting, "this court has long recognized that the scope of discovery under a subpoena is the same as the scope of discovery under Rule 26(b) and 34"); and *Stewart v. Mitchell Transport*, 2002 WL 1558210, at **3-4 (D. Kan. July 11, 2002) (finding that the "scope of discovery under a subpoena is the same as the scope of discovery under Rules 26(b) and 34") *with Aikens v. Deluxe Fin. Servs., Inc.*, 217 F.R.D. 533, 534-35 (D. Kan. Aug. 5, 2003) (finding "Overbreadth, however, is not one of the grounds enumerated in Rule 26(c) that will support a request for protective order") and *In re Urethane Antitrust Litigation*, 2010 WL 4226214, at *2 (D. Kan. Oct. 21, 2010)("Rule 26(c) does not give the court leave to enter a protective order . . . because those topics are overly broad or irrelevant").
[7] *Bradley v. Val-Mejias*, 2001 WL 1249339, at *6 (D. Kan. Oct. 9, 2001) (citing *Mackey v. IBP, Inc.*, 167 F.R.D. 186, 197 (D. Kan. 1996)).
[8] *Cardenas v. Dorel Juvenile Group, Inc.*, 230 F.R.D. 611, 623 (D. Kan. 2005).
[9] *Stewart*, 2002 WL 1558210, at *4 (citing *Etienne v. Wolverine Tube, Inc.*, 185 F.R.D. 653, 656 (D. Kan. 1999), and *Hilt v. SFC Inc.,* 170 F.R.D. 182, 186 (D.Kan.1997)).

its face.  However, contrary to plaintiff's discovery responses,[10] defendant later discovered that plaintiff had been involved with several past insurance claims.  When questioned at deposition about previous claims, plaintiff disclosed only one claim arising from an October 2012 car accident and admitted to also sustaining a neck injury in that accident.[11]  In light of plaintiff's apparent failure to disclose other claims, it appears possible that the insurance claims information could lead to the discovery of admissible evidence, and the requests are facially relevant.[12]  Although plaintiff claims that the subpoenas are not limited to his personal injuries and include claims by his family members and claims for property damages, plaintiff provides no factual support for his conclusory statement, nor did he challenge defendant's characterization by filing a reply.  Therefore, plaintiff wholly fails to meet his burden to refute relevance.  The court finds that the information meets the low threshold for relevancy at the discovery stage of litigation, and plaintiff's objection on the basis of relevance is overruled.[13]

**Overly burdensome**

Fed. R. Civ. P. 26(c) allows for a protective order, in part, to protect a party from "undue burden or expense."  Plaintiff argues that the subpoenas for claims files are unduly burdensome because the requests are not limited to the injured body parts named in his amended complaint.  However, the court has already ruled that discovery in this

---

[10] *See* Pl.'s Mot., Doc. 60, at Ex. E.
[11] Def.'s Resp., Doc. 63, a Ex. B.
[12] *See Teichgraeber v. Memorial Union Corp. of Emporia State University,* 932 F.Supp. 1263, 1265 (D. Kan.1996) (internal citation omitted) (noting that discovery relevance is minimal relevance).
[13] *See Jackson v. Coach, Inc.*, 2008 WL 782635, at *4 (D. Kan. Mar. 20, 2008)(citing *Teichgraeber,* 932 F.Supp. at 1266)).

matter should not be so restricted.[14] Aside from his conclusory statement, plaintiff fails to provide "a particular and specific demonstration of fact"[15] to support his claim that the subpoenas would be unduly burdensome to the insurance companies. Plaintiff has not met his burden to support the objection and it is therefore overruled.

**Prior agreement**

Plaintiff next argues that the subpoenas circumvent the parties' prior agreement to limit the scope of permissible discovery. Defendant responds that the parties' prior agreement was confined to the previous discovery dispute, and the court agrees. Additionally, as described above, the order resolving the parties' motions to compel did not impose such strict limits on the parties' discovery as plaintiff suggests.[16] Plaintiff provides no legal support for this objection and it is denied.

**Improper Character Evidence**

Plaintiff complains that the defendant's subpoenas are nothing more than an attempt to portray plaintiff as a chronic litigator. He cites *Koch v. Koch*[17] to support his argument that evidence of prior claims and lawsuits are inappropriate at trial as impermissible character evidence. However, this argument misstates the standard applicable to a discovery dispute. Discoverable information need not be admissible at

---

[14] *See* Mem. and Order, Doc. 46, at 6.
[15] *Layne Christensen Co. v. Purolite Co.*, 271 F.R.D. 240, 244 (D. Kan. 2010).
[16] Mem. and Order, Doc. 46.
[17] 203 F.3d 1202, 1227-28 (10th Cir. 2000) (explaining that "Federal Rule of Evidence 401 defines relevant evidence as 'evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence.' Federal Rule of Evidence 402 bars the introduction of any evidence that is not relevant.")

trial, but only likely to lead to admissible evidence.[18]  In *Koch*, the court reviewed the admission of evidence of other lawsuits at trial under the standards of Fed. R. Evid. 401 and 402, not the Fed. R. Civ. P. 26(b) standard applicable here.  Plaintiff's objection on the basis of improper character evidence is denied.

**IT IS THEREFORE ORDERED** that plaintiff's motion for a protective order and/or to quash defendant's proposed subpoenas (**Doc. 60**) is **DENIED**, consistent with the ruling herein.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas this 25th day of April 2014.

_s/ Karen M. Humphreys_____
KAREN M. HUMPHREYS
United States Magistrate Judge

---

[18] Fed. R. Civ. P. 26(b).